# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2352
_____

TRI CITY ELECTRICAL
CONTRACTORS INC./AMERISURE
MUTUAL INSURANCE COMPANY,

    Appellants,

    v.

ROBERT GONDEK,

    Appellee.

_____

On appeal from the Office of the Judges of Compensation Claims.
Timothy S. Stanton, Judge.

Date of Accident:  January 22, 2017.


February 25, 2026

OSTERHAUS, C.J.

Florida's Workers' Compensation Law allows for the award of attendant care benefits to injured workers if it is "prescribed" in writing by a physician, medically necessary, and performed at the direction and control of the physician. In this case, attendant care benefits were awarded to Claimant Robert Gondek based upon a discussion of attendant care benefits in an Independent Medical Evaluation (IME). But because the IME physician's report does not qualify as a written prescription under the statute, and the IME physician did not direct or control the Claimant's treatment, we

set aside the award of attendant care benefits for failing to meet the requirements of § 440.13(2)(b)1., Florida Statutes. We otherwise affirm the Judge of Compensation Claims' final compensation order.

## I.

Claimant suffered an accidental work injury to his back in 2017 while installing electrical boxes for his employer Tri City Electrical Contractors Inc. The employer/carrier (E/C) accepted compensability of the accidental work injury and authorized treatment, including a subsequent back surgery which failed to alleviate Claimant's pain symptoms. Claimant has struggled with back pain and medical problems associated with his injury ever since.

In 2024, Claimant filed a petition for benefits (PFB) seeking 15 benefits, including permanent total disability benefits, authorization of a cardiologist, authorization of several medical devices and home fixtures/furniture, weight-loss medication, and authorization of attendant care benefits (ACB) paid to his wife. The E/C accepted that Claimant was permanently and totally disabled but denied the other requests. The E/C argued that Claimant was not entitled to attendant care benefits because there was no written prescription identifying them to be medically necessary under § 440.13(2)(b)1. The E/C denied Claimant's remaining requests because an authorized treating provider had not recommended them. The E/C also contended that the requests were not medically necessary, and that the work accident was not the major contributing cause (MCC) of Claimant's treatment needs. The E/C raised an additional misrepresentation defense under sections 440.09(4) and 440.105(4)(b), Florida Statutes.

After a final hearing before a Judge of Compensation Claims, the JCC awarded the attendant care benefits described in the report of Claimant's IME physician, which was 24/7 nonskilled attendant care being provided by Claimant's wife. The JCC awarded other benefits, too, and rejected the E/C's misrepresentation defense. After the JCC denied the E/C's rehearing motion, they appealed.

2

The E/C makes three arguments for reversal. Seeing no error in the JCC's decisions to reject Claimant's misrepresentation-defense and weight-loss medicine arguments, we affirm these issues without elaboration. We reverse, however, as to the E/C's statutory argument against the JCC's award of attendant care benefits for reasons that follow.

Under Florida's Workers' Compensation Law, employer/carriers must furnish employees who experience workplace injuries with "medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." § 440.13(2)(a), Fla. Stat. This case involves attendant care benefits awarded in the Final Compensation Order based not upon a traditional prescription from a treating physician, but from an IME report. Specifically, here, in the "Discussion" section of an IME report, Claimant's IME physician wrote the following under a section of the report addressing: "Does the claimant need medically necessary attendant care and if so, how many hours for skilled/nonskilled attendant care?":

> Mr. Gondek sleeps on the couch on the lower floor of his two-story townhouse. He is unable to get off the couch without the help of his wife. She goes behind him when he walks upstairs to take a shower. He does not sleep well at night, and therefore sleeps during the days, as well. He is not able to remember when his medications are due to be taken. He is unable to get dressed or undressed without someone else's assistance. He has fallen in the shower. He is also generally unstable on his feet. His profoundly limited lumbar range of motion makes dressing impossible for him.

> His wife, therefore, assists him with mobility getting up, staying by his side. Her presence is needed to help him get to the bathroom. He cannot do the bending and standing required to prepare his food. He would be unable to get up to exit the home in an emergency. His wife helps him get into and out of the car. She resigned her position

as a supervisor at Chick-Fil-A, to provide his care. She is required to be in attendance 24 hours a day, 7 days a week. This would be considered nonskilled care.

The Final Compensation Order accepted this narrative as a prescription and as supplying authority to award Claimant 24/7 nonskilled attendant care provided by his wife.

There are statutory problems, however, with grounding an award of attendant care benefits exclusively upon this report of Claimant's IME physician. Section 440.13(2)(b)1. of Florida's Workers' Compensation Law allows for the award of attendant care benefits to workers who suffer a workplace injury under strict conditions. The attendant care must be 1) performed at the direction and control of a physician and be medically necessary; 2) the physician must prescribe such care in writing; 3) the prescription must be provided to the employer/carrier; 4) the prescription must give sufficient detail about the required care; and 5) the prescription must not be retroactive. *Id.*[1]

Here, the limited role and report from Claimant's IME physician failed to satisfy the conditions required by § 440.13(2)(b)1. to award attendant care benefits. In the first place, the Workers' Compensation Law gives IME physicians a limited job of supplying "an objective evaluation of the injured employee's

---

[1] Section 440.13(2)(b)1. says:

The employer shall provide appropriate professional or nonprofessional attendant care performed only at the direction and control of a physician when such care is medically necessary. The physician shall prescribe such care in writing. The employer or carrier shall not be responsible for such care until the prescription for attendant care is received by the employer and carrier, which shall specify the time periods for such care, the level of care required, and the type of assistance required. A prescription for attendant care shall not prescribe such care retroactively.

4

medical condition . . . at the request of a party, a [JCC], or the department to assist in the resolution of a dispute arising under this chapter." § 440.13(1)(i), Fla. Stat. IME physicians do not treat claimants but simply supply medical evidence. Given this narrow role, we do not consider the IME physician's report to be the equivalent of exercising direction and control over the Claimant's care.

Nor did the IME physician write Claimant a "prescription" for attendant care. § 440.13(2)(b)1., Fla. Stat. Instead, the report narrates Claimant's recent medical history and need for his wife's help. It doesn't, however, attempt to direct Claimant's treatment going forward. Indeed, the IME report does not order any treatment or other care in the mode of a typical, ordinary prescription. *See, e.g.*, §§ 212.08(2), 465.003(23), 893.02(24), Fla. Stat. (defining a "prescription" as an "order" to dispense necessary drugs and supplies); Prescription, American Heritage Dictionary of the English Language (5th ed. 2022), https://www.ahdictionary.com/word/search.html?q=prescription (last accessed Feb. 4, 2026) (defining a medical "prescription" as "[a] written *order*, especially by a physician, for the preparation and administration of a medicine or other treatment" (emphasis added)). And so, because the report only evaluates Claimant's medical circumstances for use by the JCC (consistent with a typical IME physician's evaluation), and because the IME physician neither exercised "direction and control" over the Claimant's treatment nor "prescribed" attendant care benefits as required by § 440.13(2)(b)1., the award of attendant care benefits must be reversed.

### III.

The final compensation order is AFFIRMED IN PART AND SET ASIDE IN PART consistent with the foregoing opinion.

LEWIS and BILBREY, JJ., concur.[2]

---

[2] Judge Lewis was substituted for an original panel member after oral argument. He reviewed the parties' briefs, the record, and recording of the oral argument.

5

*_____*

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

*_____*

DeeAnn J. McLemore of Banker Lopez Gassler, P.A., St. Petersburg, and Eleanor H. Sills of Banker Lopez Gassler, P.A., Tallahassee, for Appellants.

Michael J. Winer of Winer Law Group, Tampa, for Appellee.